IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

1ST SOURCE BANK, )
)
Plaintiff, )
)
v. ) Civ. No. 10-134-SLR
)
BRIAN H. MERRITT, TOWNSEND H. PORTER, JR., and TOWNSEND H. PORTER REVOCABLE TRUST, )
)
Defendants. )

---

Brian M. Rostocki, Esquire and Kathleen A. Murphy, Esquire of Reed Smith LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Joseph J. Tuso, Esquire of Reed Smith LLP, Philadelphia, Pennsylvania.

Jennifer Gimler Brady, Esquire and John A. Sensing, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendants Townsend H. Porter, Jr. and Townsend H. Porter Revocable Trust.

Richard H. Cross, Jr., Esquire and Ryan M. Ernst, Esquire of Cross & Simon, LLC, Wilmington, Delaware. Counsel for Defendant Brian H. Merritt. Of Counsel: John R. Gillespie, Esquire of John R. Gillespie, P.A., Lighthouse Point, Florida.

---

**MEMORANDUM OPINION**

Dated: January 5, 2011
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On December 22, 2009, plaintiff 1st Source Bank ("FSB") filed this action in the Superior Court of the State of Delaware against defendants Brian H. Merritt ("Merritt"), Townsend H. Porter, Jr. ("Porter") and Townsend H. Porter Revocable Trust (the "Porter Trust") (collectively, "defendants") for breach of contract, alleging that defendants failed to make payments to FSB as required under the terms of certain guarantees of payment. (D.I. 1, Ex. 1) Defendants removed the action to this court on February 18, 2010. (D.I. 1) Before the court are defendants' motions to dismiss for lack of personal jurisdiction or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a). (D.I. 4; D.I. 16)

## II. BACKGROUND

Plaintiff FSB is an Indiana bank with its primary place of business in Indiana. (D.I. 1, Ex. 1 at ¶ 1) Defendant Porter is a natural person and a citizen of Florida. (*Id.* at ¶ 3) Defendant Porter Trust is a revocable trust formed under Minnesota law and located in Florida. (*Id.* at ¶ 4; D.I. 5 at 5) Defendant Merritt is a natural person and a citizen of Florida. (D.I. 1, Ex. 1 at ¶ 2)

Merritt and Porter founded Sea Gate Enterprise X, LLC ("Sea Gate"), a Delaware limited liability company with its principal place of business in Delaware, on July 20, 2007. (D.I. 10, Ex. 2 at ¶ 1.3) Sea Gate's stated business purpose is "to own, operate, purchase, sell, encumber, and charter one or more airplanes and/or jets, and to conduct any and all businesses and activities related thereto or useful in connection therewith." (*Id.* at ¶ 2.1) On August 20, 2007, FSB and Sea Gate entered into a loan

and security agreement (the "Loan Agreement") pursuant to which FSB loaned $6,555,000.00 to Sea Gate for the purpose of purchasing an aircraft. (D.I. 1, Ex. 1 at ¶¶ 6-7) Under the terms of the Loan Agreement, Sea Gate was required to make a series of principal and interest payments, followed by a balloon payment equal to the then-unpaid principal and interest. (*Id.* at ¶ 8) Sea Gate also granted FSB a purchase money security interest in the aircraft. (*Id.* at ¶ 10)

On August 14, 2007, defendants each executed individual guarantees of payment, which contain a permissive Indiana forum selection clause, to guarantee "the full and prompt payment and performance when due of all Obligations due and to become due to [FSB]" under the Loan Agreement. (*Id.* at ¶ 12; D.I. 5 at 5) The guarantees provide that FSB "shall have immediate recourse against [the guarantors] and shall not be obligated to take any steps or otherwise attempt to enforce the obligations under the guarantees by other available means prior to pursuing recourse against and obtaining payment from [the guarantors] . . ." (D.I. 1, Ex. 1 at ¶ 14) Due to a material adverse change in its business condition, Sea Gate defaulted on the Loan Agreement by failing to make timely payments. (*Id.* at ¶¶ 16-17) FSB accelerated the maturity of the Loan Agreement in response to the event of default, giving notice of the acceleration to Sea Gate and defendants on July 2, 2009 and demanding payment of the obligations under the Loan Agreement. (*Id.* at ¶¶ 18-20) FSB filed the instant action on December 22, 2009 to enforce its rights under the guarantees. (*Id.*)

## III. STANDARD OF REVIEW

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," because a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

## IV. DISCUSSION

### A. Personal Jurisdiction

To establish personal jurisdiction, the plaintiff must show, by a preponderance of the evidence, that (1) "there is a statutory basis for jurisdiction under the forum state's long arm statute" and (2) "the exercise of jurisdiction comports with the defendant's right to due process." *L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 590 (D. Del. 2008) (citing *Time Share Vacation Club*, 735 F.2d at 66; *Reach & Assocs. P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003)). The parties do not dispute the fact that jurisdiction over the defendants exists under the Delaware long arm statute.

Because defendants are within the reach of the long arm statute, the court must next analyze whether the exercise of personal jurisdiction comports with due process.

The exercise of personal jurisdiction comports with due process when "the defendant's conduct is such that it should 'reasonably anticipate being haled into court there.'" *L'Athene*, 570 F. Supp. 2d at 591 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Personal jurisdiction over a nonresident defendant is proper when either specific or general jurisdiction exists. *See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984). "Specific jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" *BP Chems. Ltd. v. Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). General jurisdiction exists when the defendant's contacts with the forum are "continuous and systematic," whether or not the contacts relate to the litigation. *See id.* (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)). FSB does not claim that the court has general jurisdiction. Therefore, the only remaining issue is whether the court may exercise specific jurisdiction over defendants.

By way of their motions to dismiss,[1] defendants contend that exercising specific jurisdiction over them would not comport with due process because their alleged breach of the guarantees did not arise from defendants' activities in Delaware. (D.I. 5 at 5) In

[1]These contentions are explicitly set forth in Porter and the Porter Trust's opening brief in support of their motion to dismiss. In his motion to dismiss, Merritt incorporates by reference the opening brief of defendants Porter and the Porter Trust. (D.I. 16)

support of their argument, defendants cite *Summit Investors II, L.P. v. Sechrist Indus., Inc.*, Civ. A. No. 19400, 2002 WL 31260989 (Del. Ch. Sept. 20, 2002), which holds that the defendants' ownership of parts of a Delaware corporation and role as co-obligors of the corporation were insufficient to meet the minimum contact standard. (*Id.*) Defendants further contend that litigating the case in Delaware would pose no undue hardship to FSB, but would be burdensome to defendants, and a dismissal of the action would not prejudice FSB's interest in obtaining relief elsewhere. (*Id.* at 8)

In response, FSB contends that the due process requirements are satisfied because defendants Merritt and Porter created, wholly own, and are the sole managing members of Sea Gate, which obtained financing from FSB subject to defendants' execution of the guarantees. (D.I. 9 at 9-11) In support of its argument, FSB cites *Republic Envtl. Sys., Inc. v. RESI Acquisition (Delaware) Corp.*, Civ. A. No. 99C-02-194-WTQ, 1999 WL 464521 (Del. Super. May 28, 1999), which holds that a defendant's guarantee of the obligations of a Delaware corporation wholly owned by the defendant creates specific jurisdiction for actions arising under the guaranty. (*Id.* at 11) In contrast, FSB notes that the nonresident defendants in *Summit Investors* were only part owners of the Delaware corporation who did not sign the agreement as part of the corporation's formation. (*Id.* at 12) FSB contends that the facts of the instant case are more closely analogous to *Republic* and, furthermore, Merritt's motion should be denied as untimely. (*Id.* at 13; D.I. 17 at 1)

The court concludes that the facts of this case are more closely analogous to the situation set forth in *Republic* because defendants Porter and Merritt availed

themselves of Delaware law by guaranteeing the financial obligations of a Delaware corporation wholly owned by them. *See Republic*, 1999 WL 464521, at *4. Unlike the facts of *Summit Investors*, Porter and Merritt are the sole owners of Sea Gate who entered into the guarantees as part of Sea Gate's formation. Specifically, Porter and Merritt executed the guarantees less than a month after the formation of Sea Gate and several days before the execution of the Loan Agreement for the purpose of buying an aircraft in accordance with Sea Gate's stated business purpose. In contrast, the Put and Call Agreement at issue in *Summit Investors* was signed years after the Delaware corporation's formation. *Id.*

The court concludes that Porter and Merritt's guarantee of their own Delaware corporation's financial obligations in connection with the corporation's formation suffices to establish specific jurisdiction. *See Summit*, 2002 WL 31260989, at *4; *Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1302 (D. Del. 1990) (act of incorporation in Delaware may confer specific jurisdiction over foreign defendant if litigation bears relation to act of incorporation). The court further concludes that specific jurisdiction does not exist as to the Porter Trust because, unlike defendants Porter and Merritt, the Porter Trust does not possess an ownership interest in Sea Gate, and its only connection to Delaware is its guarantee of the Delaware limited liability corporation's obligation. Therefore, the court shall deny defendants' motion to dismiss with respect to Porter and Merritt and grant the motion to dismiss with respect to the Porter Trust.

**B. Transfer of Venue**

The defendants' alternative request to transfer venue is filed pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought." (Emphasis added) The burden is upon the movant to establish that the balance of the interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer. *See Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002). The deference afforded plaintiff's choice of forum will apply as long as some legitimate reason exists for plaintiff's forum selection. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998).

In reviewing a motion to transfer venue, courts have not limited their consideration to the three enumerated factors in § 1404(a) (i.e., convenience of parties, convenience of witnesses, or interests of justice). Rather, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citations omitted). The Third Circuit has provided a list of factors to assist district courts in determining whether transfer is warranted. *Id.* Private interests include: (1) the plaintiffs' forum preference as manifested by the plaintiffs' original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition;

(5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records. *Id.* Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

Defendants contend that the action should be transferred to the United States District Court for the Middle District of Florida to better serve the interests of justice and for the convenience of the parties, alleging that FSB's selection of Delaware as a forum bears no connection to the litigation. (D.I. 5 at 8-11) In response, FSB contends that defendants' preferred venue is not sufficient to displace FSB's choice of venue, and Delaware bears a significant relation to the litigation. (D.I. 9 at 15-16) According to FSB, no major inconvenience to the defendants would result from litigating the case in Delaware because potential witnesses may be deposed in their home states, documents can easily be shipped to Delaware, and defendants have made no showing that witnesses will be unavailable for trial or defendants lack the necessary resources to litigate in Delaware. (*Id.* at 16) Furthermore, FSB contends that because the guarantees are subject to Indiana law, Florida would be no more familiar with the relevant law than Delaware. (*Id.* at 17)

The court concludes that defendants' arguments in favor of transfer to the Middle District of Florida are insufficient to overcome FSB's choice of forum. Defendants fail to argue any specific financial or physical constraints that would make travel to Delaware

unfeasible. Moreover, the location of documents and witnesses in Florida is not reason enough to transfer the case to Florida because, as this court has previously noted:

> [T]echnological advances have substantially reduced the burden of having to litigate in a distant forum . . . These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded and can be transferred and have lowered the cost of moving that information from one place to another.

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993). The remaining *Jumara* factors do not weigh heavily in favor of either Florida or Delaware. In particular, the permissive forum selection clause contained in the guarantees favors Indiana as a choice of forum, and both Florida and Delaware are likely equally unfamiliar with Indiana law. Thus, the court concludes that FSB's choice of forum should not be disturbed.

**V. CONCLUSION**

For the reasons stated above, defendants Porter and the Porter Trust's motion to dismiss for lack of personal jurisdiction is granted with respect to the Porter Trust and denied with respect to Porter. Defendant Merritt's motion to dismiss for lack of personal jurisdiction is denied. Defendants' motion to transfer venue is denied. An appropriate order shall issue.